ALICE J. NEELON *vs.* HIRSH AND RENNER, INCORPORATED.

SAME *vs.* ROMEO KRANTZ.

Norfolk.    January 14, 1926. — March 29, 1926.

Present: BRALEY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Motor vehicle. *Evidence*, Materiality. *Practice, Civil*, Requests for rulings, Exceptions. *Agency*, Existence of relation, Independent contractor.

At the trial of an action against the operator of an automobile for personal injuries received when the plaintiff, who was one of two passengers sitting in the front seat with the driver, was thrown into the windshield because the automobile collided with a telephone pole, it is proper for a judge to refuse to permit a witness, who, having been asked whether she ever said anything to the plaintiff with reference to her manner of sitting on the seat, had testified that she used to say to the plaintiff, "sit back and take your comfort," to be asked further whether that statement would "be occasioned by her method of sitting at that particular time?" the inquiry not being shown to have any bearing on the position of the plaintiff at the time of the accident.

No exception lies to a refusal by a judge, who has given appropriate instructions covering the issues at the trial of an action, to select certain portions or phases of the evidence and instruct the jury with reference thereto.

A request for a ruling, by a judge before whom is being tried an action of tort for personal injuries alleged to have resulted from negligence of the defendant, which would direct the jury to consider certain possible views of the evidence if they found that the defendant was operating the car carefully, properly may be refused where it appears that appropriate instructions covering the issues in the case were given and no exception thereto was taken.

An exception to a refusal of a request for an instruction to a jury which would leave it to them to find a fact which is contrary to the undisputed evidence must be overruled.

At the trial of an action against a public "jitney man" for personal injuries received by a plaintiff when a seven passenger automobile, being driven by the defendant in a snow storm and in a road with ruts, collided with a telephone pole, it is proper for the judge to refuse to rule that the mere fact, that at the time of the accident the driver was carrying ten people, or that he was carrying more passengers than he was licensed to carry, should not be considered by the jury on the question of the defendant's negligence unless the jury found that this number of passengers in the car was a condition which contributed to the accident, it being proper for the jury to consider all the attendant circumstances.

A judge presiding at a trial cannot be required to give a ruling which requires the assumption of facts not shown to exist.

At the trial of an action against a corporation for injuries suffered when the plaintiff, an employee, was being transported in an automobile alleged to be operated by the defendant and due to negligence of the driver, there was evidence that the automobile was owned and operated by the driver, who was licensed to carry passengers for hire; that his charge for transporting the plaintiff and other employees of the defendant in the same neighborhood was fifty cents a day, of which the employees paid thirty-two cents and the defendant eighteen cents; that the amount paid by the individual was equivalent to the fare formerly charged by a street railway company and that the contribution was made by the corporation as an inducement to the operatives to come to work for it; that, whenever transportation by automobile became impracticable because of snow, the employees were transported without cost to them in a sleigh furnished by the corporation; that the defendant told the operator what employees to bring and employed him to transport merchandise and paid him for food and lodging for employees at a hotel conducted by him; that the defendant's manager considered the operator responsible to the defendant for the faithful performance of his duty in transporting employees and merchandise as any carrier would be, and, when complaints by employees were made about the crowded condition of the automobile, requested the operator to operate an additional car. *Held*, that as a matter of law the operator was not an employee or servant or agent of the defendant, and that it was proper to order a verdict for the defendant.

Two ACTIONS OF TORT for personal injuries alleged to have resulted from negligent driving by the defendant Krantz of an automobile in which the plaintiff, an employee of the

defendant corporation, was riding to her work, the plaintiff in the declaration in the first action alleging that the corporation was operating the automobile, and in the second action alleging that Krantz "owned and operated" it. Writs dated, respectively, May 6, 1922, and June 30, 1923.

In the Superior Court, the actions were tried together before *Keating*, J. Material evidence, requests for rulings, and instructions given by the trial judge are described in the opinion.

In the first action, by order of the trial judge, a verdict was entered for the defendant, and the plaintiff alleged exceptions. In the second action, there was a verdict for the plaintiff in the sum of $2,500, and the defendant alleged exceptions.

*J. E. Swift*, for the plaintiff.

*F. J. Squires*, for the defendants.

SANDERSON, J. These are two actions of tort to recover damages for personal injuries, received by the plaintiff on February 27, 1922, while riding as a passenger for hire in a seven-passenger automobile, driven by the defendant Krantz on Lincoln Street in Medway; the automobile collided with a telephone pole, located about two feet from the side of the highway, thus causing the plaintiff to be thrown forward from her position on the front seat against the windshield. The impact stopped the automobile with an abrupt, violent shock, and it could not proceed on its own power. Lincoln Street had no sidewalks. On the left side of the street there were trees and telegraph poles, and on the right, no trees but an open field. Krantz owned the automobile involved in the accident and one other. He was licensed to carry passengers for hire. The bill of exceptions states that he was a public "jitney man." He did work for the defendant, Hirsh and Renner, Incorporated (hereinafter called the corporation), and for others. He also owned the village inn, and had at one time been an employee in the hat factory of the corporation but had not been so employed for more than a year before the accident. It was the plaintiff's habit when being transported from her home in Franklin to her work, in the same machine, to ride on the front seat. On the day of the acci-

dent, after she got into the automobile, Krantz took in eight other passengers, all of whom were being transported for hire to their work in the factory of the corporation. The driver, the plaintiff, and one other passenger occupied the front seat and seven passengers sat in the rear. The evidence tended to show that there was room for three on the front seat. There was conflicting evidence as to the amount of snow on the ground, but it was undisputed that snow was falling when the automobile left Franklin, and that as it proceeded the storm increased in severity. The road at the place of the accident and for a considerable distance back was very rough and covered with deep and frozen ruts, and the entire roadbed was covered with snow at the place of the accident. The automobile was equipped with a windshield wiper worked by hand, and before the automobile left Franklin chains were put upon the wheels. The charge for transporting the plaintiff from Franklin to the corporation's factory and back to Franklin was fifty cents a day of which the plaintiff paid thirty-two cents and the corporation eighteen cents. The testimony tended to prove that the amount paid by the individual was equivalent to the fare formerly charged by a street railway company and that the contribution was made by the corporation as an inducement to the operatives to come to work for it. Whenever transportation by automobile became impracticable because of snow, the employees were transported without cost to them in a sleigh furnished by the corporation.

There was testimony tending to prove that different drivers operated the automobile, that the plaintiff had nothing to do with the selection of them and did not make the arrangement about her transportation to the factory, but was being transported as she had been for several years; that she exercised no control over Krantz in driving the automobile, and gave no directions. There was no traffic on the road at the time of the accident. The defendant, while driving on the left side of the road, felt his car swerve in a rut and come in contact with a telephone pole located about two feet from the edge of the highway. Krantz testified that the pole was on the edge of the road, that immediately before the accident he

had cleared his windshield of snow and had no difficulty in seeing ahead. There was other evidence tending to prove that witnesses could not see through the windshield because of snow upon it. Krantz testified that he went over the road once or twice a day and knew there were ruts in it. The speed was estimated to be not over three miles per hour or about as fast as a man could walk, and Krantz testified that he could stop the car instantly the minute he put the brakes on, that he could not see the trees and the post, that he didn't pay any attention to them, and did not appreciate that there was a post there until he hit it.

In the case against Krantz the first exception is to the admission of a question which does not seem to have been answered. *Francis* v. *Rosa,* 151 Mass. 532, 534. A witness called by the defendant, having been asked whether she ever said anything to the plaintiff with reference to her manner of sitting on the seat, testified that she used to say to the plaintiff, "sit back and take your comfort." The defendant excepted to the exclusion of the question then asked: "would that statement . . . be occasioned by her method of sitting at that particular time?" This inquiry did not appear to have any bearing on the position of the plaintiff at the time of the accident and was properly excluded.

The bill of exceptions of the defendant Krantz states that appropriate instructions covering the issues in the case were given, to which no exception was taken. The defendant excepted to the refusal of the trial judge to give two requests for rulings. The first of these was in effect for a ruling that if the defendant was operating the car slowly and in a careful manner and the collision was occasioned by the car swerving suddenly, by reason of the rough condition of the road, and that this condition at the point of collision was not apparent to Krantz by reason of the roadbed being covered with snow, then the accident resulted because of conditions over which Krantz had no control and he is not liable. The judge, having given appropriate instructions as to the defendant's negligence, was not required to take certain parts or phases of the evidence and instruct on them. Moreover, this request is objectionable in that it asked the jury to consider

certain possible views of the evidence if they found that the defendant was operating the car carefully. It must be assumed they were instructed that, if he was operating the automobile carefully, there would be no negligence, regardless of any questions relating to roughness of the road. The request is further objectionable in leaving it to the jury to find that the condition of the road was not apparent to Krantz, when he had testified that he could see ahead, was familiar with the road, and knew that the ruts were there.

The remaining exception of the defendant Krantz is to the refusal of the judge to rule that the mere fact that at the time of the accident Krantz was carrying ten people in a seven-passenger car, or that he was carrying more passengers than he was licensed to carry, should not be considered by the jury on the question of the defendant's negligence unless the jury found that this number of passengers in the car was a condition which contributed to the accident. Even if it should be conceded that the load had no causal connection with the defendant's negligence, it was for the jury to consider all attendant conditions. If the only negligent cause of the accident was that he paid no attention to the trees and posts and drove near them in a rutty road when, so far as appears, he might have driven on the other side of the road, the jury could consider the load in passing on his negligence, even if the number of passengers in the car was not a condition contributing to the accident. But it is impossible to say that the number of people in the car was not a condition contributing to the accident and there is no reason why the judge, having given full instructions, should be required to rule on this particular possible view of the evidence. "Requests based upon some particular portion of the evidence may be given by a judge if he sees fit, but he cannot be required to give a ruling based upon some particular view of a portion of the testimony." *Shattuck* v. *Eldredge*, 173 Mass. 165, 168. *Quinn* v. *Standard Oil Co. of New York*, 249 Mass. 194, 204. Moreover, there was no evidence to make the part of the request relating to the carrying of more passengers than Krantz was licensed to carry applicable. *McDonough* v. *Almy*, 218 Mass. 409, 419. The court is not

required to give a ruling which requires the assumption of facts not shown to exist. *Commonwealth* v. *Borasky*, 214 Mass. 313.

The plaintiff's exception in the case against the corporation is to the order of the trial judge directing a verdict for the defendant.

Krantz was an independent contractor. He owned the automobiles used by him in carrying passengers and merchandise for hire. He was operating his own business under his own control. It was his duty to take out registration on his automobiles and to care for them, and the corporation exercised no control over him in his operation of them. The fact that the corporation contributed a part of the cost of the plaintiff's transportation, told Krantz what employees to bring or employed him to transport merchandise, or paid him for food and lodging for employees at his hotel, or that its manager considered Krantz responsible to the corporation for the faithful performance of his duty in transporting employees and merchandise as any carrier would be, or, when complaints by employees were made about the crowded condition of the automobile, requested Krantz to operate an additional car, does not in any way affect the standing of Krantz as an independent contractor. The case is controlled in principle by *Driscoll* v. *Towle*, 181 Mass. 416, *Shepard* v. *Jacobs*, 204 Mass. 110, *Peach* v. *Bruno*, 224 Mass. 447, *Centrello's Case*, 232 Mass. 456, and *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574.

*Exceptions overruled.*