TIMOTHY J. SHEA *vs.* BRYANT CHUCKING & GRINDER COMPANY.

Hampden.      September 25, 1957. — November 6, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Agency,* What constitutes, Independent contractor. *Evidence,* Relevancy and materiality.

Evidence that a machinist in the general employ of a company in Vermont, after travelling with his tools in his own automobile to a hotel in a Massachusetts city one evening preparatory to doing work for his employer in that city the next morning, left the hotel and went in his automobile to find a place to eat, that while he was so engaged the automobile struck a pedestrian, and that the machinist was reimbursed for expenses by his employer while "on the road" did not warrant a finding that he was a servant of his employer rather than an independent contractor in the operation of his automobile, or that his employer was legally responsible for its operation at the time of the accident, in the absence of evidence that his employer had a right to control him in its operation at that time. [314]

Evidence that a machinist was to get instructions "while on the job" for his employer would not be relevant to the issue whether, while he was operating his own automobile one evening in a city to which he had gone to do the job the next morning, his employer had a right to control him in its operation. [314–315]

TORT. Writ in the Superior Court dated December 16, 1950.

The action was tried before *Leary, J.*

*John T. Quirk, Jr.,* for the plaintiff.

*Frederick S. Pillsbury,* for the defendant.

SPALDING, J. On the night of July 5, 1950, the plaintiff, while crossing Main Street, Springfield, was struck by an automobile owned and operated by one Walter S. Lafko. He brought this action of tort against the defendant, alleging in his declaration that at the time of the accident Lafko was operating the automobile as an employee of the defendant in the course of his employment. At the close of the evidence the judge directed a verdict for the defendant, subject to the plaintiff's exception, and the correctness of this ruling is the principal question for decision. Since we are of opinion that the evidence would not warrant a finding that the defendant was responsible for the conduct of Lafko at the time of the accident, we shall recite only so much of the evidence as bears on that question; we do not reach the question of negligence.

Lafko resided in Springfield, Vermont, and had worked there as a machinist for the defendant for about fifteen years. On July 5, 1950, the day of the accident, he worked at the defendant's plant until four o'clock, at which time he went home. He had been asked by the defendant's "works manager" to be at the plant of the American Bosch Company in Springfield, Massachusetts, at nine o'clock the next morning in order to set up a machine the company had purchased from the defendant. Prior to this Lafko had not done work in other cities. Springfield, Vermont, is not on a regular railroad line and is "ninety-two miles or so" from Springfield, Massachusetts. The railroad line closest to Springfield, Vermont, was in Charlestown, New Hampshire, five miles away, and Lafko testified that "probably connections could have been made" from there to Springfield, Massachusetts.

About seven o'clock in the evening of July 5, 1950, Lafko left Springfield, Vermont, for Springfield, Massachusetts, in

his own automobile. He took with him his tools and equipment which weighed five or ten pounds. Lafko arrived in Springfield, Massachusetts, about 10 P.M. and went to a room in a hotel which had been reserved for him by the defendant. About twenty minutes later he left the hotel, got into his automobile and drove off "looking for a place to stop and get a bite to eat." While he was so engaged the accident happened.

When he was "on the road" for the defendant he was reimbursed for whatever expenses he might incur by reason thereof. "The method of getting from one place to another was left up to him. He could go by train if he wanted to, or by bus or by automobile." When he used his automobile he would be "reimbursed on the basis of seven cents a mile."

There was no error.

Although Lafko was in the general employ of the defendant, he was at the time of the accident, with respect to the operation of his own automobile, an independent contractor and not a servant. A person may be an agent or a servant as to one part of an undertaking, and an independent contractor as to other parts. *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, 87. The primary consideration in determining the relationship of master and servant is the right to control. *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, 239. Here there was nothing that would warrant a finding that the defendant had any right to control Lafko in the operation of the automobile at the time of the accident. We are of opinion that the case at bar is governed by *Pyyny* v. *Loose-Wiles Biscuit Co.* 253 Mass. 574, *Khoury* v. *Edison Electric Illuminating Co.* 265 Mass. 236, *Wescott* v. *Henshaw Motor Co.* 275 Mass. 82, *Reardon* v. *Coleman Bros. Inc.* 277 Mass. 319, and *Hailer* v. *American Tool & Machine Co.* 288 Mass. 66. See *Conversions & Surveys, Inc.* v. *Roach,* 204 Fed. (2d) 499 (C. A. 1).

A point of evidence remains. Counsel for the plaintiff in his direct examination of Lafko asked the following question: "Were you to get any special instructions while on the job?" This was excluded, subject to the plaintiff's

exception.[1]   There was no error.   The controlling question was not whether Lafko was subject to the defendant's instructions while on the job, but whether the defendant had any right to control him while he was operating the automobile at the time of the accident.   From the offer of proof it is by no means certain what Lafko's answer would have been.   But even if he had stated that he was to receive instructions while on the job it would not show that the defendant had the right to control Lafko in the operation of the automobile at the time of the accident.

*Exceptions overruled.*

---

[1] Counsel for the plaintiff then made the following offer of proof: "I would expect him to answer either that he had special instructions which would affect the master-servant relationship, or that he was on his own, which also affects that same issue, and would be tied in with other evidence on that point."