CHARLES F. GLADNEY, JUNIOR, *vs.* HOLLAND FURNACE COMPANY.

Norfolk.    October 7, 1957. — November 6, 1957.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Agency*, What constitutes, Independent contractor.  *Evidence*, Admissions and confessions, Of control of automobile.

Evidence that one employed by a company to install and service heating equipment, for which he used his own automobile without reimbursement for the expenses of maintaining and operating it, was subject to the control of his employer as to when and where to do his work but not as to the method of operating his automobile did not warrant a finding that he was a servant of his employer, rather than an independent contractor, with respect to its operation or that his employer was liable for injuries sustained by a third person through his negligence in its operation.   [367–368]

A blanket liability insurance policy covering a company for possible liability respecting the operation of both its own motor vehicles and automobiles of several thousand employees countrywide did not show an admission by the company that it had the right to control one of its employees as to the method of his operation of his own automobile on the company's business.   [368]

TORT.   Writ in the Superior Court dated March 5, 1954.
The action was tried before *Morton*, J.

*Morris Michelson*, (*Marvin K. Rasnick* with him,) for the plaintiff.

*Donald R. Anderson*, for the defendant.

CUTTER, J.   This is an action of tort for personal injuries.   The plaintiff duly saved exceptions to the refusal to admit a certain insurance policy in evidence and to the direction of a verdict for the defendant.

One Davis was the operator of an automobile (owned and paid for by him and insured and registered in his name and at his expense), which struck and seriously injured the plaintiff on November 25, 1953.   Davis had been employed

for some time by Holland Furnace Company (hereinafter called Holland) to install and provide service for heating equipment sold by Holland. He had no other employment. At the time of the accident, Davis was on his way to make a service call. He had his own work tools with him and spare parts belonging to Holland, but no company tools.

When Davis was hired, it was understood that he would require an automobile to do his work and he used his automobile regularly in connection with his work. He was paid on a commission basis for installation work and at a flat rate for service calls. He was not given any travel allowance nor was he reimbursed for gasoline, oil, or maintenance costs, although he paid such expenses from his earnings received from Holland. He furnished Holland with a daily work sheet showing what he had done. Holland withheld his income and social security taxes.

Holland told him which calls were on a priority basis and were to be given first attention. If Holland told him to drop everything and make a particular call, he would do so. Holland "had a right to tell him where to go and when to go and how to go . . . but they would not tell him specifically what streets to use or how fast to drive . . . nor whether he could stop . . . on the way" but if Holland "told him to take the quickest way . . . without stopping he . . . would do it." Davis testified that "the use and control of his car were entirely in his control." He would visit Holland's office each day and receive a list of calls, reporting when he had finished them in order to be assigned other calls.

On the night of the accident, he was given at the Holland office three calls, including one priority call in Weymouth about three blocks from his home. After making two calls, he stopped to make a personal purchase at a bakery, and then, on the way to the Weymouth call, the accident occurred. We consider the case on the assumption that there was evidence which would warrant a finding that Davis was negligent.

1. The Massachusetts cases clearly establish that, under

circumstances such as those here revealed, an employee, using his own vehicle in his work and not subject to the control of his employer in the details of its operation, is not the servant of his employer with respect to that operation. Accordingly, Holland is not liable, on this record, for Davis's negligent acts in the course of the operation of his own automobile. *Shea* v. *Bryant Chucking & Grinder Co.*, *ante*, 312, and cases cited. The rule is too well settled in this Commonwealth for us to consider any contrary decisions elsewhere. The judge correctly directed a verdict for the defendant.

2. The trial judge properly refused to admit in evidence a blanket policy of liability insurance covering the possible liability of Holland for the operation of motor vehicles in Massachusetts and elsewhere, including vehicles owned by it and automobiles, not owned by Holland, of an estimated 6,024 employees countrywide. The policy was not an admission that Holland could control the operation of the particular vehicle owned by Davis. Not only did the policy have a wide scope of application but its coverage of vehicles not owned by Holland may well have been merely an effort to provide for protection and defence against even ill founded claims against Holland based on the operation of vehicles owned by its employees. *Minkkinen* v. *Nyman*, 325 Mass. 92, 95. *Cowan* v. *Eastern Racing Association, Inc.* 330 Mass. 135, 147. Compare *Perkins* v. *Rice*, 187 Mass. 28, 30 (policy relating to a particular elevator admitted); *Marsh* v. *Beraldi*, 260 Mass. 225, 232–233 (insurance applicable to a particular truck).

*Exceptions overruled.*