Ezra L. MANTER and Jean Manter

v.

BAY STATE YORK COMPANY, Inc., et al.

Civ. A. No. 56-744.

United States District Court
D. Massachusetts.

Feb. 7, 1958.

Alfred P. Tropeano, Lexington, Mass., for plaintiff.

Kenneth C. Parker, Parker, Coulter, Daley & White, Boston, Mass., for defendant Benn.

George F. Garrity, Boston, Mass., for defendant Fuller, Jr.

Charles A. Young, II, Boston, Mass., for defendant Bay State York Co.

ALDRICH, District Judge.

▮ This is an action arising out of a triple collision on the Concord Turnpike, a four-lane highway in Lincoln, Massachusetts on June 27, 1956. The plaintiffs, hereinafter sometimes jointly called Manter, are citizens of California; the defendants of Massachusetts. The defendant Benn is an employee of the defendant Bay State York Company, Inc., hereinafter called Bay State. The accident occurred as a result of Benn's suddenly veering and driving his car across the center lane of the highway into his far left lane, hereinafter called Lane 4, Manter's right-hand lane as he was proceeding in the opposite direction. How this came about does not appear. It was stipulated by all of the parties that Benn was not in the exercise of due care.

With respect to the claim against Bay State, its liability depends on the doctrine of respondeat superior. I am faced at the outset with a question of evidence. Plaintiffs offered to show that Bay State maintained an insurance policy against liability to it for any "non-owned automobile" owned by any of its employees (listed by name, and which included Benn) who were compensated by it in any manner for the use of their automobiles. Plaintiffs offered the policy. I exclude it, for two reasons. While the policy is not exactly like the one in Gladney v. Holland Furnace Co., Mass.1957, 145 N.E.2d 694, I think the controlling distinction between that case and Marsh v. Beraldi, 260 Mass. 225, 157 N.E. 347, and others, relied upon by plaintiffs, is that in these earlier cases defendants were insuring physical objects, as to which they either had control, or did not, and insurance might be regarded as an admission of the former. The "non-ownership" policy, essentially, insures individuals. Over them one might have control at one moment, but obviously might not at another. Therefore with respect to any particular moment it should not be regarded as an admission.

▮ I suggest that there is another reason to exclude the policy. Where all the facts are known and undisputed, which was not the case in Marsh v. Beraldi, supra, an admission of liability is nothing but an opinion as to legal consequences. An opinion of law is not admissible in evidence, being for the court, and the fact that it is made in the form of an admission by a party should make no difference. Cf. Tritsch v. Ayer Tanning Co., Inc., 316 Mass. 598, 603, 56 N.E.2d 11; Boston Hat Manufactory v. Messinger, 2 Pick. 223, 240; Brooks v. Gregory, 285 Mass. 197, 206, 189 N.E. 195.

▮ On the undisputed facts, Benn was driving his own car. He was coming back from an installation job in Gardner, Massachusetts, and was driving his superior, one Dorsey, home. Under the union contract employees were entitled to remain on location on out of town jobs and receive $7 a day subsistence. If they preferred, they could drive back and forth in their own cars, for which they would receive mileage. While the contract did not so provide, it was common practice, acquiesced in by the employer, for employees to collect their subsistence, but drive back and forth to their homes at night, not charging mileage. This is what Benn and Dorsey had been doing on this job. It so happened that this was Benn's last day on the job, so that he had to drive home. Dorsey was coming home, not only for his own purposes, but, incidentally, to pick up some additional parts, which otherwise would have had to have been shipped by express. If there is any distinction between the facts in this case and those in Gladney v. Holland Furnace Co., supra, and Shea v. Bryant Chucking and Grinder Co., Mass. 1957, 145 N.E.2d 692, they are too slight for a federal court, in a diversity case, Campbell v. Maine Central Transportation Co., D.C.Me., 20 F.R.D. 629, 630, to recognize. In Gladney it expressly appears that the employee was carrying

company-owned parts. I rule that Benn must be found to have been an independent contractor. As to this branch of the case, plaintiffs' request No. 1 is granted, and the rest are denied as either erroneous or inapplicable. Plaintiffs' action against Bay State York Co., Inc. is dismissed.