Joseph **TAVOLIERI**

v.

**Frank A. ALLAIN and United States of America.**

No. CA 63-207-W.

United States District Court
D. Massachusetts.

Oct. 21, 1963.

Joseph F. Gargan, Asst. U. S. Atty., for U. S.

Jerome A. Polcari, Boston, Mass., for plaintiff.

Joseph L. Tauro, Jaffee & Tauro, Lynn, Mass., for defendant.

WYZANSKI, District Judge.

This case presents difficult procedural and constitutional questions with respect to the Act of September 21, 1961, 75 Stat. 539, 28 U.S.C. § 2679.

That Act, amending the Federal Tort Claims Act, relates specifically to claims for "damage * * * resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment" [28 U.S.C. § 2679(b)].

28 U.S.C. § 2679(b) provides:

"The remedy by suit against the United States as provided by section 1346(b) of this title [i. e., the Federal Tort Claims Act] for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

So far as material, 28 U.S.C. § 2679 (c) provides:

"The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury."

28 U.S.C. § 2679(d) provides:

"Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State Court."

On January 23, 1963 Tavolieri filed in the Commonwealth of Massachusetts Superior Court for Middlesex County a writ beginning an action against Allain. The declaration, filed March 4, 1963, alleges that "the defendant, while in the scope of his employment, as an employee of the United States of America, United States Postal Inspector's Division, so negligently and unskillfully operated and controlled a motor vehicle on Nichols Avenue, a public way in Watertown, Massachusetts, that by reason thereof" Tavolieri suffered damages. A reading of the declaration makes it clear that Tavolieri presented a claim which falls precisely within the wording of the Act on September 21, 1961 inasmuch as he alleged a claim for "damage * * * resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment." [28 U.S.C. 2679(b)].

March 13, 1963 Allain petitioned this federal Court that "the above-described action now pending against him in the Superior Court of Middlesex County be removed therefrom to this court and that thereupon such action be deemed a tort action brought against the United States under the provisions of Title 28, United States Code." Attached to the petition was a certification by the United States Attorney to the effect that he, "pursuant to the provisions of Section 2679 of Title 28, United States Code, as amended by P.L. 87–258, 75 Stat. 539, and by virtue of the authority vested in him by the Attorney General under Order 254–61, 26 F.R. 11420, hereby certifies that he has read the foregoing petition and the attachments thereto, and that on the basis of the information now available to him with respect to the incident referred to therein, he is of the opinion that the petitioner was acting within the scope of his employment as an em-

ployee of the United States at the time of such incident."

The foregoing certificate fully complies with the first sentence of 28 U.S.C. § 2679(d).

March 13, 1963 this Court ordered the removal of the state Court action to this Court and provided that it shall "be deemed a tort action against the United States under the provisions of Title 28, United States Code." October 15, 1963 the Attorney General filed a motion to remand this case to Middlesex Superior Court where the case commenced. As ground for the motion the United States Attorney alleged that:

"It now appears that the case so removed was one in which a remedy by suit within the meaning of Title 28, United States Code, Sections 2679(b) and 1346(b) is not available against the United States for the reason that the United States, if a private person, would not be liable to the claimant in accordance with the law of Massachusetts and the case should be remanded to the state court."

At a hearing, held October 17, 1963 on the foregoing motion, oral evidence was offered upon which this Court makes the following specific findings:

1. At all material times Allain was an employee of the government, who was acting within the scope of his employment.

2. While operating a motor vehicle owned by him, he caused damage to the property and person of Tavolieri.

3. The circumstances under which Allain was operating that motor vehicle follow. Three superiors of Allain ordered him in general terms to carry on a surveillance of a person (herein called "X") suspected of having participated in the robbery of a mail truck at Plymouth, Massachusetts. The instructions did not indicate expressly or by implication what means of transportation Allain should use. He was free to proceed on foot or by vehicle, and if by vehicle to use his own or another automobile or public transportation. However, the instructions implied that Allain was to follow X closely and constantly. Driving in his own car, Allain saw X outside a factory plant; and then X disappeared from view. To renew contact with X, Allain started to drive toward X's home, and while en route Allain struck Tavolieri in, to use the words of 28 U.S.C. § 2679(d), the "incident out of which the suit arose."

At the hearing before me, the government contended that, pursuant to the last sentence of 28 U.S.C. § 2679(d), this Court should remand the case to the state court because a remedy by suit is not available against the United States if a private person would not be liable to Tavolieri in accordance with the law of Massachusetts, particularly the rule of law that "an employee, using his own vehicle in his work and not subject to the control of his employer in the details of its operation, is not the servant of his employer with respect to that operation." Gladney v. Holland Furnace Co., 336 Mass. 366, 368, 145 N.E.2d 694, 696; Shea v. Bryant Chucking and Grinder Company, 336 Mass. 312, 145 N.E.2d 692; Khoury v. Edison Electric Illuminating Co., 265 Mass. 236, 164 N.E. 77, 60 A.L.R. 1159; Pyyny v. Loose-Wiles Biscuit Co., 253 Mass. 574, 149 N.E. 541.

Tavolieri and, as amici, Allain and his insurer, contended that this Court should remand the case to the state court unless in this Court Tavolieri was entitled in his action against the United States to a trial by jury; and further contended that if trial by jury was not available to Tavolieri in this Court the case should be remanded because, as here applied, the removal statute, particularly 28 U.S.C. § 2679(d) was a violation of the due process clause of the Fourteenth Amendment to the United States Constitution, and of the trial by jury clause of the Seventh Amendment to the United States Constitution, and of various unspecified parts of the Massachusetts Constitution, in that the removal purported to cut off his right to a trial by jury of the claim he presented to the Massachusetts court.

1. The first issue is what procedure is properly to be followed in considering the government's motion. The statute here involved, 28 U.S.C. § 2679 (d), authorizes a United States district court to "determine on a hearing on a motion to remand" whether "the case so removed is one in which a remedy by suit within the meaning of" the Federal Torts Claims Act is not available against the United States. Undoubtedly at such a hearing the Court may examine the pleadings in the state court and the removal papers to determine whether on the face of the documents the action falls within the statutory framework. But, as an illustration will demonstrate, the Court may also take testimony to determine whether the case is one in which a remedy by suit is available against the United States. Suppose, for example, that the pleadings in the state court and the removal papers show that plaintiff's damage was caused by the operation of a motor vehicle by an employee of the government while acting within the scope of his employment, but the pleading did not reveal, what would be revealed by extrinsic evidence, that the government employee and plaintiff were in the military service and the injuries arose out of activity incident to service. In such a case plaintiff would not have a remedy available under § 1346(b) or any other provision of the Federal Tort Claims Act. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152. The removal would have been improper; and not to permit remand would cause plaintiff to lose his opportunity to sue the employee personally.

2. In the instant case the government offered evidence designed to show that, in the words of 28 U.S.C. § 1346(b), here are "circumstances where the United States, if a private person, would [NOT] be liable to the claimant in accordance with the law of the place where the act or omission occurred", and that therefore, in the words of 28 U.S.C. § 2679(d) "a remedy by suit within the meaning of subsection (b) [of 28 U.S.C. § 1346] is not available against the United States."

3. Whatever the law may be in other jurisdictions, the Massachusetts cases are clear that where an employer did not require or request an employee to use the employee's automobile but merely directed that the employee should be at places where the employer had work to be performed, leaving the means of transportation to the employee's decision and convenience, the employer cannot be held liable for injuries caused by use of the automobile by the employee. Gladney v. Holland Furnace Co., 336 Mass. 366, 368, 145 N.E.2d 694; Shea v. Bryant Chucking and Grinder Company, 336 Mass. 312, 145 N.E.2d 692; Pyyny v. Loose-Wiles Biscuit Co., 253 Mass. 574, 149 N.E. 541; Khoury v. Edison Electric Illuminating Co., 265 Mass. 236, 164 N.E. 77, 60 A.L.R. 1159; Conversion & Surveys, Inc. v. Roach, 1st Cir., 204 F.2d 499, 501; Manter v. Bay State York Co., D.Mass., 159 F.Supp. 670, 671–672. The Massachusetts court regards an employer in the aforesaid situation as having no right to control the employee in the operation of the automobile at the time of the accident and regards the employee as being an independent contractor in the operation of his own car. Inasmuch as under Massachusetts law a private employer would not be liable to Tavolieri under the circumstances of this case, the United States is not liable, and this case should not have been removed to this Court, but must be remanded.

4. Since this case must be remanded on the ground alleged by the government's motion, I need not pass upon the question as to whether plaintiff's right to a jury trial which exists in the state court proceeding against Allain could be replaced by a nonjury action in this Court against the United States. That the problems are of the first magnitude appears from Richmond Screw Anchor Co. v. United States, 275 U.S. 331, 345, 48 S.Ct. 194, 72 L.Ed. 303; and see the argument of Mr. Hughes in that case at page 333 [275 U.S. at page 333, 48 S.Ct. at page 194, 72 L.Ed. 303]. No doubt

there is an important practical difference between the right to present a personal injury claim to a jury and the right to present the same claim to a judge without a jury, and it is not clear that plaintiff can be deprived of his right to a jury trial.

Motion to remand granted.