**LAVITT et al. v. UNITED STATES.**
No. 12, Docket 21286.

United States Court of Appeals
Second Circuit.

Argued Oct. 13, 1949.

Decided Nov. 3, 1949.

Dennis P. O'Connor and John W. Joy, Hartford, Conn., attorneys and counsel for plaintiffs-appellants.

A. Devitt Vanech, Assistant Attorney General, Adrian W. Maher, United States Attorney, New Haven, Conn., Roger P. Marquis and S. Billingsley Hill, Attorneys, Department of Justice, Washington, D. C., counsel for United States of America, defendant-appellee.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is an appeal from a summary judgment in favor of the United States in an action brought by the plaintiffs under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., to recover damages alleged to have been caused by the negligence of employees of the United States. The three Lavitts, plaintiffs doing business as the Lavitt Potato Company, leased a warehouse in Tolland County, Connecticut, from the plaintiffs Ida E. Rosenberg, Fannie R. Rosenberg, and Francis Homelson, and stored in it a quantity of potatoes and farm equipment. Thereafter, on October 17, 1946, the Lavitt Potato Company applied to the United States Department of Agriculture Production and Marketing Administration for a loan on the potatoes which might be authorized under certain acts of Congress and regulations of the Secretary of Agriculture. Such loans are made by the United States as part of its price support program. If the commodity can later be sold for more than the amount of the loan, the loan is repaid; if the market price is less than a fixed amount, the commodity is not sold, but the government takes it out of the market. The borrower is not liable for any deficiency arising from the sale of the collateral securing the loan, unless the loan has been secured through fraudulent representations. 7 U.S.C.A. § 1302(h). To administer its loan program the government utilizes the services of local agricultural committees or associations which are to be organized as follows:

"In carrying out the provisions of this section in the continental United States, the Secretary is directed to utilize the services of local and State committees selected as hereinafter provided. The Secretary shall designate local administrative areas as units for administration of programs under this section. No such local area shall include more than one county or parts of different counties. Farmers within any such local administrative area, and participating or cooperating in programs administered within such area, shall elect annually from among their number a local committee of not more than three members for such area and shall also elect annually from among their number a delegate to a county convention for the election of a county committee. The delegates from the various local areas in the county shall, in a county convention, elect, annually, the county committee for the county which shall consist of three members who are farmers in the county. The local committee shall select a secretary and may utilize the county agricultural extension agent for such purpose. The county committee shall select a secretary who may be the county agricultural extension agent. If such county agricultural extension agent shall not have been elected secretary of such committee, he shall be ex officio a member

of the county committee. The county agricultural extension agent shall not have the power to vote. In any county in which there is only one local committee the local committee shall also be the county committee. * * *

"The Secretary shall make such regulations as are necessary relating to the selection and exercise of the functions of the respective committees, and to the administration, through such committees, of such programs." 16 U.S.C.A. § 590h (b).

Pursuant to regulation of the Secretary of Agriculture, application for the loan in the case at bar was made to the Tolland County Agricultural Conservation Association, which is the local committee for the area involved, and three inspectors were assigned to examine the potatoes. The official form of application for the loan by the Lavitt Potato Company provided that: "Inspection for the purpose of approving potatoes for loan shall be made by qualified personnel recommended by the county committee and approved by the State Committee. Federal-State Inspectors shall not be approved for such inspections."

The expenses of inspection are paid for by a preliminary service fee charged the borrower and a subsequent service fee deducted from the amount of the loan. The Lavitt Potato Company paid a preliminary service fee of $57.50 at the time it filed its application for the loan. Such a fee would not be recoverable even though the loan were not completed.

The three inspectors visited the warehouse and made their inspection; and thereafter the warehouse and its contents were destroyed by fire. Thereupon the plaintiffs brought this suit under the Federal Tort Claims Act alleging that the fire was caused by the negligent smoking of one or more of the inspectors, and that the inspectors were employees of the United States for whose negligence it was liable under the Act. Recovery was sought for the value of the warehouse, the

potatoes, and the farm equipment. Upon a motion by the Government for summary judgment on the ground that the inspectors were not employees of the United States, the District Court granted the motion and entered judgment dismissing the complaint from which this appeal was taken. We think the judgment was right and should be affirmed.

The Tort Claims Act, 28 U.S.C.A. § 931(a) authorizes a suit against the United States:[1] "On account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death, in accordance with the law of the place where the act or omission occurred. Subject to the provisions of this title, the United States shall be liable in respect of such claims, to the same claimants, in the same manner, and to the same extent, as a private individual under like circumstances, * * *."

In 28 U.S.C.A. § 941(b) "employee" is defined as follows: " 'Employee of the Government' includes officers or employees of any Federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a Federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

Section 941(a) defines a "federal agency" as follows: " 'Federal agency' includes the executive departments and independent establishments of the United States, and corporations whose primary function is to act as, and while acting as, instrumentalities or agencies of the United States, whether or not authorized to sue and be sued in their own names * * *."

We think it clear that the Tolland County Agricultural Association is not a federal

---

**1.** This act was repealed and reenacted and codified as 28 U.S.C.A. §§ 1346(b), 1402 (b) and 2671 on June 25, 1948, with minor differences in language which are not important here.

630

agency in any way resembling an executive department or independent establishment of the United States and it certainly is not a corporation. Its employees or officers were not and could not be selected by the United States or the Department of Agriculture, or discharged by either. The plaintiffs found their claim principally on the concluding words in the opinion of Justice Reed in Mayo v. United States, 319 U.S. 441, 443, 63 S.Ct. 1137, 87 L.Ed. 1504, 147 A.L.R. 761, a case in which it was held that the State of Florida could not exact an inspection fee upon fertilizer which the United States had shipped into that State for distribution. There the burden of an inspection fee was directly imposed upon property of the United States. Here the government had only a remote interest in the amount of the inspection fees. These fees were really paid by the borrower, perhaps by means of moneys loaned to the latter by the United States; but the fees only indirectly affected the United States, and indeed would never affect it at all if the farmer who borrowed the money was successful in so selling his crop as to pay off the loan.

The plaintiffs, however, assert liability on the ground that the inspectors were "persons acting on behalf of a Federal agency in an official capacity," and, therefore, governmental employees as defined in 28 U.S.C.A. § 941(b), above quoted. Perhaps they were to some extent acting on behalf of a federal agency as well as the borrowers, but to impose a liability based upon a putative agency over which the principal had no more control than in the present case would stretch governmental responsibility too far and might include all sorts of situations in which the United States required a conditional certification or approval before making a loan. It seems clear to us that the Government had no relation with inspectors chosen by the County Agricultural Association that would impose a liability to suit because of negligent acts on their part. A waiver of governmental immunity must be clear and in our opinion has not been shown in the present case.

Judgment affirmed.