Henry DELGADO and Maria Delgado, husband and wife, Plaintiffs,

v.

Ronald G. AKINS and the United States of America, Defendants.

Civ. No. 4817–Phx.

United States District Court
D. Arizona.

June 20, 1964.

As Amended Dec. 11, 1964.

W. Roy Tribble, Chandler, Ariz., for plaintiff.

Elsing and Crable, National Association of ASCS County Office Employees, Phoenix, Ariz., amicus curiae for plaintiffs.

Wm. J. Knudsen, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

POWELL, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671 et seq. The complaint alleges that on March 16, 1963 the plaintiff Maria Delgado was injured while riding in an automobile as a passenger, when it was struck by an automobile operated by defendant Ronald G. Akins. It is alleged that Akins was an employee of the United States of America, Department of Agriculture, and acting within the scope of his employment.

An order was entered on stipulation for a separate trial of one issue as follows:

"1. That the issue and question raised by the Amended Answer of the defendant The United States of America, to-wit: whether or not the defendant Ronald G. Akins was at the time or times alleged in the complaint an employee of The United States of America, * * *."

It is admitted for the purpose of this separate trial that the defendant Ronald G. Akins was an employee of the Yuma County ASCS (Agricultural Stabilization & Conservation Service). He was a field reporter and operating his automobile which collided with the one plaintiff was in.

The only question is whether the defendant Akins was an "employee of the Government" as that term is defined in 28 U.S.C.A. § 2671.

At the separate trial held pursuant to the terms of Rule 42(b), Federal Rules of Civil Procedure, 28 U.S.C.A., testi-

mony was taken and exhibits were introduced. There is no substantial dispute in the facts. The only dispute is in the effect to be given the evidence as bearing on whether or not the defendant Akins was an employee of the Government.

The Secretary has issued regulations governing ASC County and Community Committees (Ptfs' Exh. 1). They were issued under the authority of the Soil Conservation and Domestic Allotment Act of 1936, as amended, 16 U.S.C.A. § 590a et seq. Under that Act as last amended it is provided that (§ 590h) "* * * [t]he Secretary shall make such regulations as are necessary relating to the selection and exercise of the functions of the respective committees, and to the administration, through such committees, of such programs. * * *" The regulations (Ptfs' Exh. 1) were published March 23, 1961, with a Supplement of March 1, 1963.

Mr. Akins was an employee of the Yuma County Committee. An employee may be removed under certain circumstances for violation of rules and regulations promulgated by the Secretary of Agriculture. Exhibit 1 generally defines the duties and obligations of all the ASCS employees whether of the County Committee, of the State Committee or of the Department of Agriculture.

The Department of Agriculture has issued a booklet consisting of 32 pages, entitled "Responsibilities of the ASC County Committee Responsibilities of the County Office Manager County Committee Meetings." (Ptfs' Exh. 3). It states that the committee is peforming a "governmental function" and that the laws, regulations and procedures are binding on the committee and that the committee and the County Office are instrumentalities of the Department of Agriculture. The Department of Agriculture publication (PA–576) called "The Farmer Committee System" was issued August 1963 and defines in general terms the program. (Ptfs' Exh. 4).

Administrative Bulletin No. 134 contains a copy of material to be delivered to each employee. It is distributed as part of Federal Personnel Manual issued by the Department of Agriculture, Arizona ASCS State Office. (Ptfs' Exh. 5). It provides a general standard of employment, standard of conduct and other similar matters affecting employees.

Bulletins were submitted regularly to the various offices. Notice—Administrative 73, which is entitled "Ref: Notice Book A 5", was transmitted to County Offices from Washington. It is called "Instruction No. 344–5", on the subject "Types of Misconduct which Subject an Employee to Disciplinary Action." The nine page bulletin (Ptfs' Exh. 7) is an exhaustive listing of conduct which constitutes malfeasance or misfeasance of employees.

Another bulletin issued December 10, 1958 provides, with reference to County Offices, "Inasmuch as ASC State and County offices are Federal agencies and instrumentalities, respectively, they should not endorse any nongovernmental function either directly or indirectly." (Ptfs' Exh. 8).

In a portion of the County Administrative Handbook (Ptfs' Exh. 9) it is provided that the County Committee shall be listed under the heading of "Agriculture * * * Department of," in the U. S. Government section of the directory, otherwise to be listed under the U. S. Department of Agriculture. The bulletin contains information concerning the request for treatment of injury under the United States Employees' Compensation Act.

Identification Cards, Oath of Office, Employee Handbook and Motor Vehicle Accident Report Kit, all issued by the Department of Agriculture, are furnished to the employees, including the defendant Akins. (Ptfs' Exh. 10). The stationery of the County Committee is under the heading of "United States Department of Agriculture." (Ptfs' Exh. 11).

A bulletin assigning defense responsibilities in United States Department of Agriculture and signed by the Secretary lists the County Committee under Agri-

cultural Stabilization and Conservation Service. (Ptfs' Exh. 12).

A "Report of Spot-Check" of the reporter Ron Akins (Ptfs' Exh. 13) is a report form of the United States Department of Agriculture. It is used for the purpose of evaluating the work of the reporter, defendant Akins.

There are two handbooks containing white and pink sheets. The white sheets are from the office in Washington, D. C., and the pink sheets from the Office of the State Committee. The handbook is loose leaf, voluminous and cumulative, defining duties of all of the departments under the Agricultural Stabilization and Conservation Service, all headed "United States Department of Agriculture." (Ptfs' Exh. 15).

On the exhibit entitled "Notification of Personnel Action" there is a heading "Notice to Employee." It provides that "The personnel action identified on the face of this form is subject to all applicable laws, rules, and regulations governing Federal employment and may be subject to investigation and approval by the Civil Service Commission." (Ptfs' Exh. 16).

It was developed in the testimony that the applicants for employment by the County Committee must meet the standards provided by the handbooks. The application when made must be approved by the State Committee. The work of the field reporter, Mr. Akins, was under the County Committee. He was, however, one of the employees referred to in the handbook and the bulletins, rules and regulations promulgated by the Department of Agriculture. Salary range and steps are controlled by the handbook. The payments of salaries are by check from the bank on the account of the County ASC Committee. The money in the County Committee bank account comes from the U. S. Treasury by drafts sent quarterly. Some payments are made by farmers for services rendered. The funds when deposited are reported to the State office. The funds do not depend on payments from farmers. The Government exercises no direct control over the withdrawals from the bank account. The employees are not paid by Government checks.

Mr. David B. Noble, Farmer Fieldman for the State Committee, testified that he made spot checks of the employees and he makes a written report, a portion of which appears as Plaintiffs' Exhibit No. 13. The State Committee and the State office are subject to audit and review from Washington, D. C. His office and that of the State Committee must consent to and approve the hiring of anyone below the position of Office Manager of the County Committee.

The case relied upon by the defendant is Lavitt v. United States, 177 F.2d 627 (2 Cir. 1949). In that case the plaintiffs sought to recover damages for the burning of a potato warehouse and contents through the negligence of three potato inspectors. Plaintiffs claimed that the inspectors were employees of the United States. The trial court granted a motion for summary judgment. A review of the lower court decision in 87 F.Supp. 149 discloses that the inspectors were not subject to the same controls as the defendant Akins in the instant case. The inspectors were paid from monies loaned to the borrower.

" * * * The United States, as lender, required prospective borrowers to organize themselves in associations for the purpose of policing the lending program under Title 7 U.S.C.A. § 610(b) and required that the compensation of employes of these associations of borrowers should be paid from the proceeds of the loans made to the borrowers under Title 16 U.S.C.A. § 590k. In these circumstances it cannot be said that the inspectors are in the service of the United States for, directly at least, they serve the associations of borrowers in carrying out functions that the lender requires the associations to perform as a prerequisite to the loans. * * * * " (87 F.Supp. at 150).

In granting the motion for summary judgment, which judgment was affirmed in 177 F.2d 627, the district court found that the inspectors were not answerable to the Department of Agriculture and were not employees of the United States.

I do not believe that the bankruptcy trustee cases, the National Guard cases, nor the independent contractor cases, are applicable in the instant action. See 57 A.L.R.2d 1448.

Duba v. Schuetzle, 303 F.2d 570 (8 Cir. 1962) describes the interlocking responsibilities and authorities of the County and State Committees. There an action was brought to enjoin the transfer of the County Office from one city in South Dakota to another. A preliminary injunction was issued. The action was dismissed on appeal on the ground that the location of the County ASC office was not subject to review by the court. It was held to be an ordinary internal problem of the Governmental agency headed by the Secretary of Agriculture and not reviewable in court.

In United States of America v. Rasmussen, 222 F.Supp. 430, the United States endeavored to enjoin the defendant from acting as County Office Manager in Montana. The Duba case is cited to illustrate the "hierarchy of command." (Page 441). No injunction was issued. In Rasmussen (222 F.Supp. 430) the plaintiff, who is the defendant in the instant case, sought to assert direct authority over an employee of the ASC Committee. There the United States took the position that it had authority to dismiss and require the removal of an employee even though the employee was paid by the County Committee, was under the supervision and direction of the County Committee, subject to the supervisory action of the State Committee.

It is my opinion that at the time and place of the accident in question the defendant Akins was an employee of the Government under 28 U.S.C.A. § 2671. In the event his negligence is established at a further trial the liability of the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b) and 2671, may be established.

I ask that the plaintiff please prepare Findings of Fact, Conclusions of Law and Judgment on this separate trial.