Frank **MARTARANO**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Frank **MARTARANO**, Plaintiff,

v.

Paul Lawrence **SWEENEY** et al., Defendants.

Eugene **ATKINSON**, Plaintiff,

v.

**UNITED STATES** of America and Paul L. Sweeney, Defendants.

Civ. Nos. 1664, 1674, 1657.

United States District Court D. Nevada.
July 9, 1964.

---

Boccardo, Blum, Lull, Niland, Teerlink & Bell, San Jose, Cal., William O. Bradley, Reno, Nev., for plaintiff Martarano.

Ryan & Speropulos, Weiser, Idaho, Louie Gorrono, Emmett, Idaho, David G. Parraguirre, Reno, Nev., for plaintiff Atkinson.

Goldwater, Taber & Hill, Reno, Nev., and R. W. Levy, Berkeley, Cal., for defendants.

John W. Bonner, U. S. Atty., Reno, Nev., for United States.

THOMPSON, District Judge.

The three actions entitled above duly and regularly came on for consolidated trial before the Court, sitting without a jury, on July 8, 1964, at Carson City, Nevada, of the following severable issue, to wit: Was Paul Lawrence Sweeney, at the time and place of the collision alleged in the Complaints, an employee of defendant United States of America within the scope and meaning of the Federal Tort Claims Act? Plaintiff Frank Martarano was represented by his attorney, William O. Bradley; plaintiff Eugene Atkinson was represented by his attorney, David Parraguirre; defendant Paul L. Sweeney was represented by his attorney, Wayne Mortimer; and defendant United States of America was represented by Edward J. Lee, Special Assistant United States Attorney. Evidence was introduced on behalf of the respective parties, and the issue was submitted for decision.

All parties waived jury trial with respect to the severable issue above noted and stipulated to be bound by the Court's finding on the issue, subject to the right of review and without waiving any proper demands for jury trial which have been or may be made respecting other issues in the case.

The evidence establishes that in June, 1958, the Bureau of Sport Fisheries and Wildlife of the United States Department of the Interior entered into a cooperative project agreement (Ex. 1 in evidence) with the Nevada State Predatory Animal and Rodent Committee relating to the control of predatory animals and injurious rodents. The authority of the federal agency to enter into such an agreement is found in 46 Stat. 1468 (7 U.S.C. § 426) authorizing the Secretary to cooperate with States, individuals and public and private agencies, organizations and institutions in campaigns for the destruction or control of predatory or other wild animals, and in 60 Stat. 1080, as amended (16 U.S.C. § 661), authorizing the Secretary to provide assistance to and cooperate with Federal, State and public or private agencies and organizations in minimizing damages from overabundant species of wild life. The Nevada State Predatory Animal and Rodent Committee is a state agency established by state law and authorized to enter into cooperative agreements with the Fish

and Wildlife Service of the Department of the Interior covering control of predatory animals and rodents. N.R.S. 567.010 et seq. The cooperative agreement of June, 1958, provides, in part, as follows:

"A program for the control of predatory animals and injurious rodents will be undertaken in the State of Nevada and all operations as provided for by this agreement shall be under the direct supervision of the Service, in order that the work conducted in Nevada may be in accordance with the latest improved practices and correlated with predator and rodent control programs carried on in adjacent areas."

On September 13, 1958, Paul L. Sweeney applied to the Nevada State Personnel Department for employment as a Mammal Control Agent. Sweeney was employed on September 16, 1958, and continued in such employment during all times pertinent to these cases. Sweeney's wages were paid by the State of Nevada, and his retirement plan and industrial compensation were provided through state agencies like other state employees. On two or three occasions, Sweeney's reimbursable expenses as an employee were paid directly from federal funds.

Throughout his employment, Sweeney's activities as a mammal control agent were supervised by federal officials out of the Elko District Office of the Fish and Wildlife Service (Bureau of Sport Fisheries and Wildlife). The job description, proficiency ratings and actions pertaining to pay increases in the records of the Nevada State Personnel Department relating to Sweeney were supplied, reviewed and approved by officials of the Bureau of Sport Fisheries and Wildlife as the "Rater", "Reviewing Officer" and "Appointing Authority". No employee or officer of the State of Nevada directed or supervised Sweeney in the performance of his work.

The Federal Tort Claims Act renders the United States liable "in the same manner and to the same extent as a private individual under like circumstances" (28 U.S.C. § 2674) for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable * * *". 28 U.S.C. § 1346(b). An employee of the Government includes "officers or employees of any federal agency, * * * and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

■ The Government argues that Sweeney was an employee of the State of Nevada and not of the United States because he was hired by the State Personnel Department, was paid by the State, and received all fringe benefits of employment through state agencies. We do not agree. In respect of the vicarious liability of a master for the tortious misconduct of his servant, the controlling principle is that responsibility follows the right of supervision and control. Annotation, 57 A.L.R.2d 1448; Lavitt v. United States (2 CCA 1949), 177 F.2d 627; United States v. State of Maryland (1963), 116 U.S.App.D.C. 259, 322 F.2d 1009; Thomas v. United States (D.Vt. 1962), 204 F.Supp. 896; Blaber v. United States (E.D.N.Y.1962), 212 F.Supp. 95; Fries v. United States (W.D.Ky. 1948), 76 F.Supp. 396.

■■ It is true that a determination of Sweeney's employment status, that is, whether he was a federal employee at the time of the collision, presents a question of federal, rather than state law. Blackwell v. United States (5 CCA 1963), 321 F.2d 96; United States v. Hainline, (10 CCA 1963), 315 F.2d 153; Pattno v. United States (10 CCA 1962), 311 F.2d 604. This does not mean, however, that only a person officially on a federal payroll may come within the definition of federal employee. The usual rules of respondeat superior are to be applied. This is quite plainly recognized in the statu-

tory definition of employee of the Government by apt words encompassing persons "acting on behalf of a federal agency", "temporarily or permanently", "whether with or without compensation".

Courts have held that the fact of compensation by the United States or the use of a government vehicle does not in itself qualify a person as an employee of the Government. Fries v. United States, supra; Harris v. Boreham, (3 CCA 1956), 233 F.2d 110. The converse is true in our case. The fact that Sweeney was compensated as an employee by the State of Nevada does not disqualify him from status as an employee of the Government at the time of the collision.

■ Not only does the cooperative agreement of June, 1958 expressly assign "direct supervision" of "all operations" under the agreement to the Bureau of Sport Fisheries and Wildlife, a federal agency, but the conduct of the employees, state and federal, under the agreement was in fact so managed and supervised. The evidence, without inconsistency, shows that the practical performance of the agreement was in accord with its express terms. Sweeney was an employee of the State of Nevada who had been loaned to the federal agency for federal service pursuant to the cooperative agreement. We have here the converse of the situation in the Fries case, supra, in which an employee driving a government vehicle and paid from government funds was held not to be an employee of the government because he was loaned to a state agency and was working under its supervision and control. Here a state employee, paid by state funds, is held to be an employee of the government because he was officially loaned to a federal agency and was working under the direct supervision and control of the federal agency.

## FINDING

The Court does hereby find that on or about December 13, 1961, and at the time of the vehicle collision alleged in the Complaints, defendant Paul L. Sweeney was an employee of the Government, as defined in and within the scope and meaning of the Federal Tort Claims Act.