**COOPERATIVA de SEGUROS MULTI-PLES de PUERTO RICO, Plaintiff,**

v.

**Manuel SAN JUAN, Jr., et al., Defendants.**

**Civ. No. 234-68.**

United States District Court
D. Puerto Rico.

Aug. 30, 1968.

Harvey B. Nachman, San Juan, P. R., for plaintiff.

Arturo Estrella, of Baragano, Trias, Saldana & Francis, San Juan, P. R., for defendants.

### OPINION AND ORDER

CANCIO, Chief Judge.

This is a private anti-trust action by the plaintiff, a multiple line cooperative insurance company, against 147 defendants, including brokers, agents and insurance companies. The present motions were jointly made by 43 insurance company defendants[1] to dismiss the complaint for failure to state a claim upon which relief may be granted, for lack of subject matter jurisdiction, and insofar as the second claim for relief is

1. A list of the moving defendants is annexed hereto as Appendix "A".

concerned, for lack of jurisdiction and on the ground that punitive damages are not recoverable under the law of the Commonwealth of Puerto Rico.

The complaint alleges in essence that on May 4, 1967, a false and defamatory letter was circulated by the Association of Insurance Agents of Puerto Rico and the Puerto Rico Insurance Brokers' Association to thirteen (13) banking and lending institutions advising them not to do business with the plaintiff company. Each of the brokers and agents which was sued was a member of the respective unincorporated association, and each company sued was a company authorized to write the same risks and represented by general agents who were members of the association of agents. The alleged defamatory letter was signed by the presidents of the respective associations "in our institutional capacity as representatives of the insurance industry in Puerto Rico."

The complaint alleges inter alia, that the actions, individually and in concert, were designed to eliminate the plaintiff as a competitor; that the letter was written to protect the good name and reputation of the companies; that the libel was later repeated to the press; that in pleadings before the Superintendent of Insurance, the motive adduced for the issuance of the letter was the protection of the insurance industry; that none of the defendants repudiated or disavowed the acts of the agents; that all the defendants acted in concert to coerce and intimidate the plaintiff from engaging in the insurance business in Puerto Rico; to boycott the plaintiff from the sources of said business, and that the defendants would enjoy economic advantage from the removal of the plaintiff as a competitor.

Jurisdiction of this Court was based upon the federal anti-trust laws, particularly the McCarran-Ferguson Act,

15 U.S.C.A. §§ 1011–1015. The second claim for relief alleges a claim for libel and invokes the Court's discretion to exercise its pendent jurisdiction.

The attack on the complaint's sufficiency is based upon the failure to allege with specificity the links between the insurance company defendants and the circulation of the letter. The moving parties have annexed the letter and alleged that the inferences to be drawn from it are the converse of the allegations of the complaint.[2]

As this Court has already ruled in a prior order on motions made by other insurance company defendants, a corporation may be liable for the actions of its agents when there is a reasonable and pertinent relation between the acts of the agents and the principal's purposes, or when done "for the benefit of" the principal, even if the principal did not authorize or know of the particular act of the agent, or even if he disapproved or forbade it. (Cooperativa De Seguros Multiples De Puerto Rico, v. San Juan, 136 F.Supp. 288, entered on August 8, 1968, and cases cited therein). The overwhelming weight of authority teaches that anti-trust pleadings are to be construed as liberally as any other complaint. New Home Appliance Center, Inc. v. Thompson, 10 Cir. 1957, 250 F.2d 881; Radovich v. National Football League, 1957, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456. See also 2A Moore's Federal Practice ¶8.17[3]; 1A Barron & Holtzoff, Federal Practice and Procedure and cases cited therein. Private anti-trust actions are "imbued with a public interest and is therefore favored" and should not be dismissed for alleged pleading defects. D'Ippolito v. Cities Service Company, 2 Cir. 1967, 374 F.2d 643.

It is this Court's considered opinion that the complaint herein states a claim upon which relief can be granted.

2. In the alternative, the defendants pray for summary judgment on the basis of the letter, at least insofar as the insurance companies are concerned. The letter raises many fact issues and the companies freedom from liability is not apparent from the face of it. The motion for summary judgment raised for the first time in post argument memorandum, is denied.

There is no question that the second claim for relief adequately states a claim for libel. Both claims arise from the same facts and this Court has already exercised its discretion on the authority of United Mine Workers of America v. Gibbs, 1967, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218, to exercise its pendent jurisdiction (order of August 8, 1968 denying co-defendant José A. Acosta's motion to dismiss). Whether the insurance companies will eventually be held responsible for the alleged libel, or whether there was in fact a libel, is to be determined after all the evidence is presented at trial.

■ The new issue raised by this motion is whether there is subject matter jurisdiction of this Court. In United States v. South Eastern Underwriters' Association, 1944, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440, the Supreme Court held that the business of insurance was "commerce" and subject to the antitrust laws. Shortly after this decision, Congress enacted the McCarran-Ferguson Act, which enunciated a policy to leave the regulation and taxation of insurance companies to the respective states, and generally removed insurance companies from the scope of the antitrust legislation. However, pursuant to the provisions of section 3(b) of said statute,[3] nothing contained in the rest of the Act was to make the Sherman Anti-Trust Law[4] inapplicable to "any agreement to boycott, coerce or intimidate or any act of boycott, coercion or intimidation". There is no doubt that private treble damage actions may be brought to redress the boycott, coercion and intimidation provisions of the Sherman Act, Monarch Life Insurance Co. v. Loyal Protective Life Insurance Co., 2 Cir. 1963, 326 F.2d 841, cert. denied 376 U.S. 952, 84 S.Ct. 968, 11 L.Ed.2d 971.

■ Nor does it seem that there can be any doubt that by its terms the McCar-ran-Ferguson Act is applicable to Puerto Rico. Section 5 of the Act[5] defines Puerto Rico as a "state" for the purposes of the statute. Originally enacted in 1945 when Puerto Rico was a territory, this section was last amended in 1956, four years after Puerto Rico had achieved Commonwealth status. Since Puerto Rico is defined as a "state" both before and after the Commonwealth, the statute has the same effect here as in the several states of the Union.

The moving defendants concede as much, but contend that after the establishment of the Commonwealth, the Sherman Act was no longer applicable in Puerto Rico. And they contend that any substantive liability must be based on the Sherman Act, which is incorporated by reference into the McCarran-Ferguson Act.

Prior to 1952, Section 3 of the Sherman Act[6] was held applicable to Puerto Rico in People of Puerto Rico v. Shell Co., 1938, 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235. This is the "territorial" section of the statute which applies to commerce within the territories. The defendants argue that if section 3 was applicable to Puerto Rico, then sections 1 and 2, which applied to interstate commerce, did not apply to Puerto Rico. Then, relying on the Federal Relations Act, 48 U.S.C.A. § 734, which provides:

"The statutory laws of the United States not locally inapplicable, except as hereinbefore provided, shall have the same force and effect in Puerto Rico as in the United States,"

they contend that Sections 1 and 2 of the Sherman Act were "hereinbefore" inapplicable, and therefore, after the establishment of Commonwealth have no force and effect in Puerto Rico. There are two fallacies in this argument, first "hereinbefore" refers to the preceding sections of the Federal Relations Act and

3. 15 U.S.C.A. § 1013(b).

4. 15 U.S.C.A. § 1–7.

5. 15 U.S.C.A § 1015.

6. 15 U.S.C.A. § 3.

second, there are no cases holding that Sections 1 and 2 of the Sherman Act were ever inapplicable to Puerto Rico.

On at least one occasion this Court has held that the Sherman Act, Sections 1 and 2 are applicable to Puerto Rico, Puerto Rico Atlast Yeast Corp. v. Standard Brands of Puerto Rico, Inc., Civ. No. 228–64, order of September 3, 1964 (unreported decision of Chief Judge Ruiz-Nazario).

In a similar attack upon the Clayton Act,[7] this Court has resolved the issue contrary to the defendants' position and stated, "we are bound to view this particular law now under consideration as having the same force and effect in Puerto Rico as in the United States". David Cabrera, Inc. v. Union De Choferes, D.P.R.1966, 256 F.Supp. 839. The "particular law" under consideration was section 1 of the Clayton Act (15 U.S.C.A. § 12), which contains definitions of anti-trust laws and commerce and which must be construed in *pari materia* with the Sherman Act.

The Court concludes that the Sherman Act is applicable in Puerto Rico to the same extent and in the same manner as if Puerto Rico were a state. This was the apparent intent of Congress and there is no inconsistent Puerto Rican legislation. The local anti-monopoly laws are complementary to the federal anti-trust laws. This, however, does not dispose of defendants' arguments because they also contend that interstate commerce cannot be involved in this case, because the plaintiff is a domestic corporation, authorized to do business in Puerto Rico and doing business only in Puerto Rico. Thus, the defendants claim that even if the complaint speaks of a *prima facie* statutory violation, the impact was purely local and outside of the scope of the federal legislation.

As we have already seen, insurance is interstate commerce, United States v. South-Eastern Underwriters Association, supra. Intrastate activities forbidden by the anti-trust laws, are within the reach of those laws, if the acts complained of occurred within the flow of interstate commerce, Las Vegas Merchant Plumbers Association v. United States, 9 Cir. 1954, 210 F.2d 732, 739 n. 3, certiorari denied 348 U.S. 817, 75 S.Ct. 29, 99 L.Ed. 645, or if the alleged local restraint has an effect on the free flow of interstate commerce, or if the restraint is effected by the utilization of mechanisms of interstate commerce, Moore v. Mead's Fine Bread Co., 1954, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145.

Parenthetically, it is noted that when dealing with *per se* violations of the anti-trust laws, no substantial effect on interstate commerce need be shown. Las Vegas Merchant Plumbers Association v. United States, supra; United States v. Pennsylvania Refuse Removal Association, E.D.Pa.1965, 242 F.Supp. 794, affirmed 357 F.2d 806, certiorari denied 384 U.S. 961, 86 S.Ct. 1588, 16 L.Ed.2d 674. Boycotts and acts of coercion such as alleged in the complaint are illegal per se. Six Twenty-Nine Productions, Inc. v. Rollins Telecasting, Inc., 5 Cir. 1966, 365 F.2d 478.

From the face of the amended complaint it is apparent that a) insurance is within the flow of interstate commerce; b) that the alleged local restraint has an effect on the free flow of interstate commerce; c) that most of the moving defendants are foreign corporations; d) that the acts complained of utilized the instrumentalities of interstate commerce.

The motions to dismiss the complaint for failure to state claims upon which relief may be granted and the motions to dismiss for lack of subject matter jurisdiction are, for the reasons set forth above, denied.

The one issue left undecided by this order is the assertion that the law of

7. 15 U.S.C.A. § 12 et seq.

Puerto Rico does not recognize the principle of punitive damages as alleged in the second claim for relief. Several memoranda have been filed which the Court has under consideration. Although this question is still unresolved, the moving defendants are hereby ordered to file their answers to the amended complaint within fifteen days from the entry hereof.

## APPENDIX "A"

1.–Aetna Casualty Surety Company

2.–Aetna Surety Company

3.–Alliance Assurance Company, Ltd.

4.–American Employers' Insurance Company

5.–American Home Assurance Company

6.–American Motorists Insurance Company

7.–Atlantic Mutual Insurance Company

8.–Boston Old Colony Insurance Company

9.–British America Assurance Company

10.–Centennial Insurance Company

11.–Commercial Union Insurance Company

12.–Continental Insurance Company

13.–Employers' Liability Assurance Corporation, Ltd. (U. S. Branch)

14.–Employers' (Mutual) Fire Insurance Company

15.–Employers' Mutual Liability Insurance Company of Wisconsin

16.–Federal Insurance Company

17.–Fidelity & Casualty Company of New York

18.–Fidelity & Deposit Company of Maryland

19.–Fidelity Phoenix Insurance Company

20.–Firemen's Insurance Company of Newark

21.–Greater New York Mutual Company

22.–The Hanover Insurance Company

23.–Hartford Accident and Indemnity Company

24.–Hartford Fire Insurance Company

25.–The Hartford Steam Boiler Inspection & Insurance Company

26.–The Home Insurance Company

27.–The Maryland Casualty Company

28.–National Union Fire Insurance Company

29.–Niagara Fire Insurance Company

30.–Northern Assurance Company of America

31.–Phoenix Assurance Company of New York

32.–Puerto Rican-American Insurance Company

33.–Reliance Insurance Company

34.–Royal Exchange Assurance of London

35.–Royal Indemnity Company

36.–Sun Insurance Company

37.–General Fire, Accident & Life Assurance Corp., Ltd.

38.–United States Fidelity & Guaranty Company

39.–United States Fire Insurance Company

40.–Vigilant Insurance Company

41.–Washington General Insurance Corporation

42.–The Yorkshire Insurance Company, Ltd.

43.–Peninsular Fire Insurance Company