**Gerald Thomas PRATER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 2-1203.

United States District Court,
N. D. Texas,
Amarillo Division.

Argued April 27, 1973.

Decided April 30, 1973.

Michael R. Miller, Edwards, Smith & Associates, Amarillo, Tex., for plaintiff.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., by Robert B. Wilson, Asst. U. S. Atty., Lubbock, Tex., James P. Klapps, Trial Atty., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

The instant case is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Plaintiff alleges serious damage to his eye while attending school under the Manpower Development and Training Act of 1962, as amended, 42 U.S.C. § 2571 et seq. Plaintiff claims that his injury was caused by the negligence of his instructor through improper supervision of plaintiff at the time of the injury. Plaintiff alleges that his administrative claims have been exhausted in that his written claim to the United States Department of Health, Education, and Welfare was denied.

Defendant has moved for summary judgment under F.R.Civ.P. 56 on the ground that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. Defendant has filed affidavits in support of its motion.

Plaintiff bases jurisdiction upon 28 U.S.C. § 1346(b), which affords federal-court jurisdiction for "personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . ." The question before the Court therefore is whether plaintiff's instructor was an "employee" of the United States Government within the meaning of 28 U.S.C. § 1346(b). The definition of the crucial term is contained in 28 U.S.C. § 2671, which provides that

As used in . . . [] 1346(b) of this title the term—

. . .

'Employee of the government' includes officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . . .

Under the Manpower Development and Training Act of 1962, as amended, the Secretary of Health, Education, and Welfare is authorized to enter into agreements with state agencies to provide training financed primarily with federal funds:

Such State agencies shall provide for such training through public educational agencies or institutions or through arrangements with private educational or training institutions

. . . .

42 U.S.C. § 2601. The Court must therefore determine whether, under such an agreement, a supervisor is an "employee" as intended by 28 U.S.C. §§ 1346(b) and 2671.

For purposes of the Federal Tort Claims Act, the term "employee" is to be read as having the same general meaning as the term "servant" has in relation to the doctrine of respondeat superior. United States v. Becker, 378 F. 2d 319, 321 (9th Cir. 1967). *Becker* sets forth criteria for establishing the existence of a "servant" status as defined in the Restatement (Second) of Agency § 220 (1958). Most significant among said criteria is the right of control over the worker. Shippey v. United States, 321 F.Supp. 350, 352 (S.D.Fla. 1970), aff'd, 451 F.2d 184 (5th Cir. 1971).

An examination of the regulations promulgated pursuant to the Manpower Development and Training Act of 1962, as authorized by 42 U.S.C. § 2603, reveals that direction, control, and supervision of supervisory personnel is entrusted to state and local agencies. Ac-

cordingly, the Court concludes that the supervisor in question is not an "employee of the government" under 28 U.S.C. §§ 1346(b) and 2671. For example, 45 C.F.R. § 160.2(x) (1972) provides that "'State agency' means the appropriate State education agency responsible under the State agreement for the direction and supervision of training under the Act." And 45 C.F.R. § 160.7 (1972), entitled "State direction and supervision," provides in part as follows:

(a) *General.* Each State agency with which the Commissioner has a State agreement shall exercise such direction and supervision as is necessary to assure that all notifications of training need are quickly processed; that training projects are expeditiously formulated so that referrals may enter training promptly; that such training is adequate and of such quality as meet the training needs of the referred persons; and that all the provisions and requirements of the Act and the regulations in this part are met by the State agency and all training facilities conducting training under the State agreement.

(b) *State agency staff.* Each State agency shall (1) designate a person qualified in institutional training to provide for State direction and supervision of training projects conducted under its State agreement, and (2) employ such full-time staff as may be necessary to assist in carrying out such functions.

In addition, the selection of training personnel and instructors is entrusted to the state training facility. 45 C.F.R. § 160.4(3) (1972).

Defendant has filed two affidavits supportive of its position. These affidavits establish the uncontroverted fact that there are no standards or qualifications established by the United States Government with regard to instructional personnel and that the selection of said personnel is within the discretion of the state and local agencies. The Hereford Independent School District was respon-

sible for supervision of the project in which plaintiff was employed, and the United States government exercised no control or authority over the selection or retention of instructional personnel. The affidavits also establish in uncontroverted fashion the fact that the supervisor in question was an employee of the Hereford Independent School District.

■ Plaintiff claims that there are genuine issues of material fact, these issues being who was responsible for the selection and supervision of the supervisor and whose money financed both the training facility and the wages. There is no doubt that the training facility was operated predominantly with federal funds. However, it is well established that damages are not necessarily recoverable under the Federal Tort Claims Act merely because federal funding is involved. Daniel v. United States, 426 F.2d 281 (5th Cir. 1970).

■ Plaintiff's assertion that there is a genuine issue of material fact as to the selection and supervision of the instructor is unsupported by affidavits, exhibits, or other material. The mere reliance upon averments in a complaint or upon unsupported allegations of a party opposing summary judgment is legally insufficient where the motion for summary judgment under F.R.Civ.P. 56 is properly supported by affidavits. First Nat'l Bank v. Cities Service Co., 391 U.S. 253, 288–290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968); United States v. Webber, 396 F.2d 381, 384 & n. 5 (3d Cir. 1968). "[M]ere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." Liberty Leasing Co. v. Hillsum Sales Corp., 380 F.2d 1013, 1015 (5th Cir. 1967). Since plaintiff has failed to come forth with support for his allegations that there is doubt as to defendant's evidentiary presentations regarding control over project supervisors, the Court is of the opinion that there is no genuine issue of material fact.

1047

Accordingly, since defendant is entitled to summary judgment as a matter of law, no "employee" status being present as intended by the Federal Tort Claims Act, defendant's motion for summary judgment is hereby granted.

All costs are taxed against plaintiff.