June 23, 1978

## 78-36 MEMORANDUM OPINION FOR THE COUNSEL TO THE VICE PRESIDENT

### Officers and Employees—Volunteers—Federal Tort Claims Act (28 U.S.C. § 2679(b))—Operation of Motor Vehicles—Liability

This is in response to your request for our answers to seven questions concerning liability and insurance coverage for Government employees and other persons who use automobiles in connection with the official travel of the President and Vice President. The vehicles involved may be Government-owned, leased for the occasion, or privately owned. The persons involved include:

—Regular full-time Government employees.

—Individuals who work on an irregular basis and receive compensation as consultants and travel and subsistence expense reimbursement.

—Individuals who volunteer their time but receive travel and subsistence expense reimbursement.

—Individuals who volunteer their time and receive no reimbursement for their expenses.

Vehicles may be rented in the name of the United States or in the name of the individual involved.

The seven questions you presented are as follows:

1. What liability coverage is provided by the Government for its employees?

2. Which of the above-described ''staff'' are covered by such protection?

3. Is the coverage the same regardless of the nature of the vehicle involved, *i.e.,* Government-owned, leased, or privately owned?

4. In the event that not all of the ''staff'' described are covered by the protection provided for regular Government employees, what are the minimum employment-related steps that must be taken to insure that an individual will be covered?

5. When renting a car, an option is provided to purchase insurance covering the deductible under the policy carried by the rental agency. Can and should this option be exercised affirmatively when the rental will be paid for with Government funds?

6. What is the Government's responsibility if a person for whom liability coverage is provided by the Government uses the vehicle for a personal frolic and an accident occurs?

7. On those occasions when the trip is a mixed official/political trip, what effect is there on the coverage that is provided by the Government?

## I. General Principles

The liability of the Government and the individuals involved is governed primarily by the Federal Tort Claims Act, 28 U.S.C. § 2679(b), which provides as follows:

> The remedy against the United States provided by sections 1346(b) and 2672 of this chapter for injury or loss of property or personal injury or death, resulting from the operation by an employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

The cited sections provide, with exceptions not relevant here, that the Government is liable for the negligence of its employees in the same manner as a private person. Thus, the effect of § 2679(b) is to make a suit against the United States under the Federal Tort Claims Act the sole remedy for damages arising from an automobile accident involving a Government employee acting in the course of his employment. *See, e.g., Thompson* v. *Sanchez,* 539 F. (2d) 955, 958 (3d Cir. 1976); *Carr* v. *United States,* 422 F. (2d) 1007, 1009-10 (4th Cir. 1970). Under the Act, it is the employee's duty to provide the Department of Justice with copies of any pleadings or process in a suit against him and the Department defends such suits. *See* 28 U.S.C. § 2679(c); 28 CFR § 15.1(a).

The protection provided employees by the Act is in lieu of any liability insurance furnished by the United States. The Comptroller General has held that appropriated funds are not available to pay for liability insurance for the Government or its employees unless a statute expressly so provides. 19 Comp. Gen. 798 (1940); *cf.* 42 Comp. Gen. 392 (1963); 22 Comp. Gen. 740 (1943). This holding is based on the view that it is ordinarily cheaper for the United States to self-insure than to purchase insurance. *See* 19 Comp. Gen. 798 (1940). The legislative history of § 2679(b) points out that suit against the United States was made the exclusive remedy because it is less expensive than having the Government either carry liability insurance for its drivers or reimburse them for their own insurance. *See* S. Rept. 736, 87th Cong., 1st sess., at 2-4 (1961); 107 Cong. Rec. 18499-500 (1961). In the light of the legislative history, we believe that the purchase of liability insurance for persons covered by the Act is unnecessary.

For the purpose of the Federal Tort Claims Act, an "employee of the government" is defined, 28 U.S.C. § 2671, as:

> [O]fficers and employees of any federal agency. . . and persons acting on behalf of a federal agency in an official capacity, temporar-

ily or permanently in the service of the United States, whether with or without compensation.

The courts have consistently held that the test of employment under this statute is the common law principle of *respondeat superior*, particularly the "power to control the detailed physical performance of the individual." *Logue* v. *United States*, 412 U.S. 521, 527-28 (1973); *see also, United States* v. *Becker*, 378 F. (2d) 319, 321-23 (9th Cir. 1967); *Prater* v. *United States*, 357 F. Supp. 1044, 1045 (N.D. Tex. 1973); *Delgado* v. *Akins*, 236 F. Supp. 202 (D. Ariz. 1964); *Martarano* v. *United States*, 231 F. Supp. 805, 807 (D. Nev. 1964); *cf., United States* v. *Orleans*, 425 U.S. 807, 814-15 (1976). The question of control turns on the facts of the particular case, and the courts are guided by the criteria set forth in *Restatement, Agency* 2d, §§ 2(1)-(2), 212. *See, e.g., Logue* v. *United States, supra; Becker* v. *United States, supra*. If the power of detailed supervision over the person exists, he is an employee even though unpaid or paid by a third person. *See, e.g., Provancial* v. *United States*, 454 F. (2d) 72, 75 (8th Cir. 1972); *Delgado* v. *Akins, supra; Martarano* v. *United States, supra*. As stated by the court in *Martarano*, at p. 807:

> This does not mean, however, that only a person officially on a federal payroll may come within the definition of federal employee. The usual rules of respondeat superior are to be applied. This is quite plainly recognized in the statutory definition of employee of the Government by apt words encompassing persons "acting on behalf of a federal agency, temporarily or permanently," whether with or without compensation.

## II. Specific Questions

Applying these principles to your questions, our conclusions are as follows:

1. The United States assumes liability for the negligence of an employee operating any motor vehicle in the course of his official duties. Any other action against the employee arising out of an automobile accident occurring in the course of his employment is barred.

2. The status of an individual as full time, part time, paid, or unpaid, does not determine whether he is an "employee" of the Government. The significant fact is whether the Government agency involved has the power to exercise detailed supervision and control over the individual's performance of his duties. Indicia of this power are: setting personal qualifications for the individual; that he is required to perform the services himself; and that he may be discharged by the agency. *See, e.g., Becker* v. *United States*, 378 F. (2d) 319, 322-23 (9th Cir. 1967); *Prater* v. *United States*, 357 F. Supp. 1044, 1045 (N.D. Tex. 1973); *Delgado* v. *Akins*, 236 F. Supp. 202, 203 (D. Ariz. 1964). *See generally, Restatement, Agency*, 2d § 220. Under these criteria, we believe that all of the individuals involved here would fall within the Federal Tort Claims Act when their official functions on behalf of the Vice President require them to operate a motor vehicle.

3. Section 2679(b) applies to "any" motor vehicle. It has been held to

147

include privately owned vehicles driven on official business. *See, e.g., Levin* v. *Taylor,* 446 F. (2d) 770 (D.C. Cir. 1972); *Nistendisk* v. *United States,* 225 F. Supp. 884 (W.D. Mo. 1964). While we are not aware of any case involving rented vehicles, we see no reason why the statute would not apply to them as well.

4. All of the enumerated individuals are "employees" as long as the Office of the Vice President has the power of detailed supervision over the performance of their official duties.

5. The Act makes the Government liable for both personal injury and property damage. As noted above, its legislative history indicates that this was intended to substitute for the procurement of liability insurance. In view of this legislative history and the Comptroller General's opinion that specific statutory authority is needed to procure insurance, optional insurance for rented vehicles may not be procured with Government funds.[1]

6. The Act makes the Government liable only for accidents that occur when an employee is "acting within the scope of his office or employment." The scope of employment and the extent to which the Government remains liable where the employee deviates therefrom is determined by the law of *respondeat superior* at the place of the accident. *See* 28 U.S.C. § 2674; and, *e.g., Williams* v. *United States,* 350 U.S. 857 (1955); *Platis* v. *United States,* 409 F. (2d) 1009 (10th Cir. 1969); *Guthrie* v. *United States,* 392 F. (2d) 858 (7th Cir. 1968). As a general rule, driving would appear to be within the scope of employment "if the Government's interest was a substantial factor in the trip." *Guthrie* v. *United States, supra,* 392 F. (2d) at 860; *see, Levin* v. *Taylor,* 464 F. (2d) 770 (D.C. Cir. 1972); *United States* v. *Romiti,* 363 F. (2d) 662 (9th Cir. 1966). *See generally, Restatement, Agency* 2d, § 236 and comments, 523. However, the decisions emphasize that the facts of each particular case are controlling. *E.g., Guthrie* v. *United States, supra; United States* v. *Romiti, supra.* While we can say as a general rule that the Government would not be liable for an accident during a "frolic" or "diversion" for the personal benefit of the driver,[2] the application of this rule to any particular incident depends both on the specific facts and the law of the State where the accident may occur.

7. The liability of the United States is determined not by the nature of the President's or Vice President's travels but rather by the purpose for which the employee in question is driving. In a previous memorandum, we pointed out that even on political trips the President and Vice President require staff and assistance to perform their official functions. This, we stated, "would ordinarily include full provision for comfort and safety of the party; communications facilities for control and administration of the Armed Forces and other

---

[1] We note that the Comptroller General permits the purchase of casualty or liability insurance on leased private property if the owner requires it as a condition of the lease. *See* 42 Comp. Gen. 392 (1963). Thus, there is no restriction on paying any part of the rental fee attributable to mandatory insurance.

[2] *See, e.g., Van Houten* v. *Ralls,* 411 F. (2d) 940 (9th Cir. 1969); *Binn* v. *United States,* 389 F. Supp. 988 (E.D. Wis. 1975); *Tavolieri* v. *Allain,* 222 F. Supp. 756 (D. Mass. 1963). *See also* H. Rept. 297, 87th Cong., 1st sess., at 4, 8-9 (1961).

agencies of the Government; clerical, logistical, and other administrative support; staff assistance in the management of paperwork and the records of decisions; and those staff members, advisers, and other persons who may reasonably be required for consultation or advice during the period of travel.'' We believe that driving in relation to these functions is for the benefit of the official functions of the Vice President, regardless of the reason he is traveling,[3] and thus within the scope of a driver's official duties. However, there has never been any litigation on this point. In view of the case-by-case approach the courts take to scope-of-employment questions, we cannot predict where they would draw the line between official and political functions of employees traveling with the Vice President.

### III. Additional Comments

Your memorandum also requested any additional comments we considered appropriate. We therefore call your attention to the procedures by which employees receive the protection of the Federal Tort Claims Act. Under 28 CFR § 15.1(a), any employee sued for personal injury or property damage on account of his driving a motor vehicle in the scope of his employment must promptly deliver all papers and pleadings to his immediate superior or a person designated by the agency. He must also immediately notify this person by telephone or telegraph. The agency in turn must notify and provide copies of the litigation papers to the United States Attorney for the judicial district in which the accident occurred and to the Chief, Torts Section, Civil Division, of the Department of Justice.

Under 28 CFR § 15.2(a), the agency must provide the U.S. Attorney and the Torts Section with a report ''containing all data bearing on the question whether the employee was acting within the scope of his office or employment'' at the time of the accident.

The U.S. Attorney may have a State court suit against an employee removed to the Federal district court by certifying that the employee was acting within the scope of his employment, 28 U.S.C. § 2679(c); 28 CFR § 15.3(a). If the district court determines that the driver was not an employee acting within the scope of his employment, the case will be remanded to the State court. *See, e.g., Binn* v. *United States,* 289 F. Supp. 988 (E.D. Wis. 1975); *Tavolieri* v. *Allain,* 222 F. Supp. 756 (D. Mass. 1963).

---

[3]The cited memorandum also states that travel by the Vice President is ''political'' if its primary purpose involves his status as a party leader, *e.g.,* fund-raising, campaigning for particular candidates, and appearing at party functions. Travel to obtain public confidence and support for the measures of the Administration, on the other hand, is part of the official functions of the Vice President.

We suggest that you inform part-time or volunteer drivers of their duty to report suits and to forward the papers in order to obtain the protection of the Federal Tort Claims Act. We further suggest that you consult the Torts Section about the form and content of the report required by 28 CFR § 15.2(a).

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*