Mr. Richard L. Oftedal General Counsel School Board of Palm Beach County 3323 Belvedere Road West Palm Beach, Florida 33402
Dear Mr. Oftedal:
This is in response to your request for an opinion on substantially the following questions:
 1. ARE VOLUNTEERS WHO TRANSPORT STUDENTS TO SCHOOL ACTIVITIES EMPLOYEES OR AGENTS OF THE SCHOOL DISTRICT WITHIN THE TERMS OF s. 768.28(9)(a), F.S.?
 2. IF QUESTION ONE IS ANSWERED IN THE AFFIRMATIVE, ARE SUCH VOLUNTEERS AND THEIR AUTOMOBILE LIABILITY INSURANCE CARRIERS IMMUNE FROM SUIT AS A RESULT OF AN ACCIDENT OR INJURY ARISING OUT OF THE ACTIONS OF THE VOLUNTEERS?
 3. IF QUESTION TWO IS ANSWERED IN THE AFFIRMATIVE, MAY THE SCHOOL BOARD SEEK CONTRIBUTION FROM THE VOLUNTEER'S INSURANCE LIABILITY CARRIER FOR ANY JUDGMENT OR CLAIM MADE AGAINST THE SCHOOL BOARD ARISING OUT OF THE ACTIONS OF THE VOLUNTEER?
QUESTION ONE
You state in your letter that the School Board of Palm Beach County recently voted to self-insure in the areas of general and fleet liability pursuant to s. 230.23(10), F.S. A question has arisen regarding whether "volunteers" are covered and protected by the provisions of s. 768.28, F.S., as amended by Chs. 86-183 and 86-184, Laws of Florida, Florida's waiver of sovereign immunity, specifically subsection (9)(a). You state that volunteers include those parents and other individuals who chose, without compensation and at the request of school officials or with approval of the school principal, to transport and drive students and equipment to athletic and other events sponsored or supervised by the school district.
Section 768.28(9)(a), F.S., provides:
 No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.
The statute does not provide a definition of the term "officer, employee, or agent" for purposes of s. 768.28. Compare, the definition of governmental employees for purposes of the Federal Tort Claims Act at 28 U.S.C. § 2671 which includes "persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." In the absence of an express definition, the primary rule of statutory construction is that the intent of the Legislature as gleaned from the statute is the law. Department of Legal Affairs v. Sanford-Orlando Kennel Club, Inc., 434 So.2d 879 (Fla. 1983); State v. Williams,343 So.2d 35 (Fla. 1977).
In the case of Hollis v. School Board of Leon County,384 So.2d 661, 663 (1 D.C.A.Fla., 1980), the district court had before it for consideration, among other things, whether a school bus driver could be considered an employee of the school board and/or the superintendant for purposes of s. 768.28, F.S. In making its determination the court stated:
 In cases involving interpretations of the Federal Tort Claims Act, after which the Florida act is modeled, federal courts have held the primary test as to whether a person causing an injury is an employee of the government is who controls or has the right to control that person's work.
Citing, Logue v. United States, 412 U.S. 521, 527-528,93 S.Ct. 2215, 37 L.Ed.2d 121, 128 (1973); Gowdy v. United States,412 F.2d 525, 534 (6th Cir. 1969); Eutsler v. United States, 376 F.2d 634
(10th Cir. 1967); Yates v. United States, 365 F.2d 663 (4th Cir. 1966); Strangi v. United States, 211 F.2d 305 (5th Cir. 1954); Lavitt v. United States, 177 F.2d 627 (2d Cir. 1949). Cf., Commercial Carrier Corporation v. Indian River County,371 So.2d 1010, 1016 (Fla. 1979), wherein the Florida Supreme Court in adopting the operational/planning level test, followed federal cases construing the discretionary function exception to tort claims under the Federal Tort Claims Act, observing that the language in the federal act was practically identical to the language in s. 768.28, F.S., under consideration by the court.
The Hollis court, in applying the "control" test, concluded at 663 that it found "abundant statutory authority placing control of the bus driver under the [school] board and the superintendent." See, ss. 230.03(3), F.S. (superintendent responsibility for administration of schools and supervision of instruction); 230.23, F.S., as amended by s. 1, Ch. 86-77, Laws of Florida; 230.32(1) and (3), F.S.; 230.33(7)(a), F.S. (superintendent recommends to board the employment of all instructional and noninstructional personnel; 230.33(7), F.S. (superintendent responsible for directing work of personnel); 230.33(10), F.S. (superintendent recommends plans and procedures for providing facilities for the economical and safe transportation of pupils); 234.01, F.S., as amended by s. 1, Ch. 86-146, Laws of Florida (school board after considering recommendations of superintendent shall provide for economical and safe transportation of students). See also, Crawford v. Department of Military Affairs, 412 So.2d 449, 451 (5 D.C.A.Fla., 1982), stating that "[i]t is the direction and control of an employee that is the main test in determining the relationship of employer and employee." The court in Crawford held that an enlisted member of the National Guard was a state employee for whose negligent acts the state was liable because actual control over employee lies on the state level. But see, s.768.28(9)(c), F.S., adopted by s. 1, Ch. 83-44, Laws of Florida, which provides that for purposes of the waiver of sovereign immunity only, a member of the Florida National Guard is not acting within the scope of state employment when performing duty under federal law, and neither the state nor any individual may be named in any suit under Ch. 768, F.S., arising from the performance of such federal duty.
In AGO 76-188, this office addressed the question of whether sovereign immunity would be conferred on independently insured private institutions which volunteer their services to the Florida Department of Health and Rehabilitative Services. Stating that a critical feature of an agency relationship is the right of the principal to control the actions of the agent with regard to the details of the task to be accomplished and noting that an agency relationship is created by consent of the parties and does not require consideration or compensation to the agent, the opinion concluded that such volunteer private institutions acting on behalf of the department and subject to its monitoring and control were agents of the State of Florida in the administration of the swine flu vaccine, and therefore would be covered by the state's sovereign immunity.
This office has not been advised of or presented with any facts that, under the circumstances of your inquiry, the volunteers who transport students and equipment to school activities without compensation are subject to the direction and control of the school board or the superintendent. Thus, it is my opinion, until and unless judicially determined otherwise, that the school board or superintendent would not be liable for the negligent acts of volunteers transporting students to school activities. This is not to say that no set of factual circumstances could give rise to governmental liability. For example, if the school board were to adopt and implement a detailed plan or policy setting forth the requirements for such volunteer transportation and assert governmental direction and control over the method and manner of volunteer transportation, the courts might find the volunteers to be agents of the school board and the school board liable for any acts or omission of such volunteers. See, Hollis v. School Board of Leon County, supra at 663, discussing the statutory authority for the adoption of policy, plans and procedures for providing facilities for the economical and safe transportation of students.
The rules of statutory construction support the conclusion reached herein. There is no language provided in the statute which would indicate that the Legislature intended to extend the terms of s.768.28, F.S., as amended, to civilian volunteers generally. Section 768.28(9)(b)1., F.S., provides that the term "employee" shall include "any volunteer firefighter." In construing a statute, the express mention of one thing implies the exclusion of another; expressio unius est exclusio alterius. Thayer v. State,335 So.2d 815 (Fla. 1976); Graham v. Azar, 204 So.2d 193
(Fla. 1967). The fact that the Legislature expressly included volunteer firefighter within the term "employee" would appear to indicate a legislative intent not to extend the term to other types of volunteers. Had the Legislature intended to include all governmental volunteers within the meaning of the term "employee", it could have easily done so. By way of comparison, see, Part V of Ch. 110, F.S., pertaining to state department or agency volunteers. Section 110.501(1), F.S., defines "volunteer" to mean "any person who, of his own free will, provides goods or services to any state department or agency, with no monetary or material compensation." Section 110.504(4), F.S., as part of the benefits provided to such state volunteers, states: "Volunteers shall be covered by state liability protection in accordance with the definition of a volunteer and the provisions of s. 768.28." And see, s. 284.31, F.S., as amended by s. 78, Ch. 86-163, Laws of Florida, which provides in pertinent part that "[t]he insurance risk management trust fund shall, unless specifically excluded by the Department of Insurance, cover all departments of the State of Florida and their employees, agents, and volunteers. . . ." Such volunteer coverage, however, is limited to state department and agency volunteers and does not include school district volunteers. See also, new subsection (10) of s. 768.28, F.S., added by Ch. 86-183, Laws of Florida, which, in pertinent part, provides:
 Health care providers or vendors, or any of their employees or agents, that have contractually agreed to act as agents of the Department of Corrections to provide health care services to inmates of the state correctional system shall be considered agents of the State of Florida, Department of Corrections, for the purposes of this section, while acting within the scope of and pursuant to guidelines established in said contract or by rule. (e.s.)
This new provision expressly makes health care providers or vendors, agents of the state for sovereign immunity purposes. The emphasized language is congruent with the direction and control test established by the courts in order to create a state agency relationship.
Your first question is answered in the negative, and therefore, no response to Questions Two and Three is necessary.
In conclusion, I am therefore of the opinion that, until and unless judicially or legislatively determined otherwise, a volunteer transporting students and equipment to school activities who is not under the direction and control of the school board or the superintendent is not a governmental employee or agent for purposes of s. 768.28(9)(a), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General