Aerline R. SHIPPEY, a widow,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 71–1539
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1971.

Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., Clemens Hagglund, Asst. U. S. Atty., Miami, Fla., Morton Hollander, Judith S. Ziss, Attys., L. Patrick Gray, III, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., for defendant-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM.

The sole issue in this appeal is whether the District Court fell into error when it found, as a matter of fact and as a matter of law, that neither Joseph Edison Hayes nor Jake P. Shippey were employees of the United States when they were killed in an automobile-train collision in Rochelle, Georgia, August 12, 1968, while Shippey was riding as a passenger in an automobile owned and operated by Hayes. Both men were Inspectors for the Georgia Federal-State Inspection Service.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 490, Part I.

The opinion of the District Court, entered after a trial under the Federal Tort Claims Act, 28 U.S.C. § 2671, is reported, 321 F.Supp. 351 (1970).

Upon a careful review of the record, we are compelled to the view that the District Court correctly applied the law, and its findings on the factual issues are supported by the evidence.

The case is very much like Haynes v. United States, 327 F.Supp. 264 (W.D.N. Y., 1970), affirmed, Haynes v. United States, 2 Cir., 1970, 443 F.2d 375.

We elaborate only to point out that the contract between the State of Georgia and the Secretary of Agriculture for the performance of the inspection services in which these men were engaged provided that the Inspectors would be assigned and appointed by the State, their salaries were determined by the State, they were not subject to Federal Leave and Insurance Acts, nor subject to the Federal Retirement Act. They were paid entirely from fees collected for the inspection work performed. Their qualifications as Inspectors were subject to license by the Federal Government and the Federal Government occasionally checked the quality of their work, to see that the purposes of the Agricultural Marketing Act of 1946 were being served. This constituted the sole contact exercised by the United States. Work assignments were issued solely by state authorities. Moreover, since these men worked for the State of Georgia they also enforced state standards on matters not affected by federal legislation. Both Hayes and Shippey were covered by workmen's compensation obtained by the State of Georgia. They were never on the federal payroll, but were paid from funds contributed by neither the state nor the federal government.

The clinching testimony was offered by Mr. Arthur Sowell, Supervisor of the Federal-State Inspection Service in the State of Georgia. Mr. Sowell took all the applications, hired all the men, did all the firing in the State of Georgia, and assigned his 423 men to each of the eleven districts in the State. He appointed all Supervisors, and, in fact, had hired Mr. Hayes and Mr. Shippey. Mr. Sowell testified, "I am the state man in Georgia".

Mr. H. M. Riley, the Federal Supervisor for the states of Georgia and Florida for the inspection of fresh fruit and vegetables, testified that he was employed by the United States Department of Agriculture, but he did not have anything to do with the hiring and firing of Inspectors for the Federal-State Inspection Service of Georgia, "that is a state function handled by state employees".

The Judgment of the District Court is Affirmed.